IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GILBERTO R. ESTRADA PEREZ, | No. 4:22-CV-01372 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN SCI ROCKVIEW PRISON, | |
| Respondent. | |

# MEMORANDUM OPINION AND ORDER

### SEPTEMBER 30, 2022

Petitioner Gilberto R. Estrada Perez is currently serving a sentence of 30- to 120-months' imprisonment for various state offenses including aggravated assault with a deadly weapon and simple assault.[1] He was convicted by a jury in October 2021 and sentenced on December 7, 2021.[2] Perez filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court in August 2022.[3] Because Perez has not exhausted any of his claims in state court and cannot establish good cause for a stay and abeyance, the Court must dismiss his Section 2254 petition.

---

[1] *See* Doc. 1 at 1; *Commonwealth v. Perez*, No. CP-54-CR-0000643-2021 (Pa. Ct. Com. Pl. Schuylkill Cnty.).
[2] *See* Doc. 1 at 1; *Perez*, No. CP-54-CR-0000643-2021.
[3] Doc. 1. The Court notes that Perez failed to sign and verify his petition, as required by 28 U.S.C. § 2242.

Claims raised in a habeas corpus petition under 28 U.S.C. § 2254 generally are required to be exhausted in state court.[4] "Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."[5] Exhaustion should not be "overlooked lightly,"[6] and will not be excused simply because a petitioner believes his claims will be denied on the merits in state court.[7]

In his Section 2254 petition, Perez concedes that he has not exhausted his state remedies.[8] On September 9, 2022, this Court issued a show-cause Order, directing Perez to explain why his Section 2254 petition should not be dismissed without prejudice for failure to exhaust state remedies.[9] Perez responded with a motion to stay his case while he exhausts his claims in state court.[10]

Perez's request for a stay will be denied. Perez has not established "good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics" that would prompt this Court to invoke the stay-and-abeyance process set forth in *Heleva v. Brooks*[11] for completely unexhausted petitions. Specifically, the

---

[4] *See* 28 U.S.C. § 2254(b)(1)(A).
[5] *Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) (internal quotation marks and citations omitted).
[6] *Id.* at 62 (citation omitted).
[7] *Id.* at 63-64.
[8] *See* Doc. 1 at 3 (stating that Perez is "just now doing" an appeal to the Supreme Court of Pennsylvania and an initial petition for state post-conviction relief).
[9] Doc. 5.
[10] Doc. 6.
[11] 581 F.3d 187, 192 (3d Cir. 2009).

Court observes that a notice of appeal was timely filed the day after Perez's sentencing, which appeal is still pending with the Superior Court of Pennsylvania.[12]  Accordingly, Perez's judgment of conviction is not "final" for Section 2254 purposes,[13] and thus there does not appear to be any statute of limitations concerns with respect to filing a Section 2254 petition following state-court exhaustion.

Perez has not offered any other justification for a stay that would qualify as "good cause."  He primarily takes issue with his appointed attorney filing an *Anders*[14] brief, indicating that there are no arguably meritorious issues for appeal.[15] It appears that Perez is now pursuing his direct appeal *pro se*.  Thus, Perez is free to return to federal court after he exhausts his claims with the courts of the Commonwealth of Pennsylvania.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Perez's motion (Doc. 2) for leave to proceed *in forma pauperis* is conditionally **GRANTED**.

2. Perez's motion (Doc. 6) to stay proceedings is **DENIED**.

3. Perez's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for failure to exhaust

---

[12] *Perez*, No. CP-54-CR-0000643-2021.
[13] *See* 28 U.S.C. § 2244(d)(1)(a) (explaining that statute of limitations for Section 2254 petition begins on "the date on which the judgment [to be reviewed] became final by the conclusion of direct review or the expiration of the time for seeking such review").
[14] *Anders v. California*, 386 U.S. 738 (1967).
[15] Doc. 1 at 24; Doc. 6-2 at 2; Doc. 7 at 1.

       state remedies.  After exhaustion of state remedies, Perez may once again seek relief in federal court pursuant to Section 2254 so long as he comports with the time limitations provided by 28 U.S.C. § 2244(d).

4. A certificate of appealability shall not issue, as Perez has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

5. The Clerk of Court is directed to CLOSE this case.

                                              BY THE COURT:

                                              *s/ Matthew W. Brann*
                                              Matthew W. Brann
                                              Chief United States District Judge